Sidney Squire, J.
Claimants sue for an infant’s personal injuries and his mother’s loss of his services and expenditures for his medical needs. The claim (pleading) alleges several causes of action for negligence and breach of warranty of fitness for use, arising out of an alleged occurrence at the Jones Beach Roller Skating Rink, a facility owned and operated by the defendant, the State of New York.
This claim was filed in the office of the Clerk on February 7, 1958 and a copy thereof served on the Attorney-General on February 6, 1958. By an order of this court dated February 4, 1958, the infant’s mother, Anne E. Damer, was appointed guardian ad litem of her infant son, Richard H. Damer.
On Sunday, November 10, 1957, at about 4:20 p.m., Richard and his father, Raymond II. Damer, gained admittance to said rink. It was then one month before the boy’s 15th birthday.
When the father and son first endeavored to enter the rink, admission was denied because the rink was to close within a little time. Then the father told the foreman that they ‘ ‘ had come a long way just to roller skate ” and that the boy would be greatly disappointed. The said employee relented and permitted them to enter without paying any admission charge. The boy was given a pair of skates. He skated around the rink twice when an attendant called to him to stop skating because it was closing time. As the boy continued to skate around, he turned to face the attendant, asked for more time and fell, striking his left arm and forehead.
Richard was given first-aid treatment at the park by a nurse in attendance, who put his arm in a splint. Later that day he ivas examined by Dr. Herman S. Kramer, on whose advice the boy promptly entered Queens Memorial Hospital where he remained until the 13th of that month. The boy had sustained *364 a compound fracture of both bones of the left forearm with posterior displacement of the distal fragments near the wrist.
The boy’s surgeon Dr. Pinkus, operated on him three times during three separate hospitalizations. The first operation was at said Queens Memorial Hospital on the day of admission, November 10, 1957. The physician endeavored to reduce and immobilize the fracture by performing a closed reduction to bring the fractured ends of the bone in apposition.
Following the first operation, the X rays showed that the fracture had not maintained a good position. As a consequence, the young man was admitted to Terrace Heights Hospital in Queens on November 28,1957. On the following day, Dr. Pinkus made an open reduction with wires. The boy was discharged there on December 2, 1957.
However, the position of the open reduction was found to be unsatisfactory by the surgeon at the latter’s office on December 7, 1957. The boy’s third hospitalization was from December 12 to 15, 1957, at the latter hospital. The third surgery consisted of an open reduction on December 13, 1957, with an insertion of a vitallium plate and screws.
At the time of the trial the infant, then 19 years old, still had a marked reduction in the strength of the grip of his left hand as compared to the right, some impairment of flexion, tenderness of the left wrist and a 5% inch long scar over the antero-lateral aspect of the distal half of the left forearm, %th to %th inch wide. The occurrence at the rink had caused great pain to the boy, leaving him with a permanent injury and permanent loss of power in his left arm.
The reasonable value of the services of the surgeon and another physician, hospitalization, medicines, etc., amounted to $1,571.35.
At the time of the occurrence, the boy was a student at Andrew Jackson High School, in Queens County. Due to the incident, he was unable to attend school from said November 10, 1957 to January 6,1958.
The claimants have failed to prove by a preponderance of credible evidence that either roller skate furnished to the infant claimant was in a defective condition. They have not established, as a matter of law, that the incident resulted from the defendant’s negligence or breach of warranty of fitness for use. The infant’s negligence contributed to the occurrence.
The defendant’s motions (on which decisions were reserved during the trial), to dismiss these causes of action, are granted. The defendant, the State of New York, is entitled to judgment dismissing this claim.